IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DIANE FRANKS                                                                         PLAINTIFF

v.                                                   CIVIL ACTION NO. 4:11-CV-151-CWR-LRA

WAYNE COUNTY, MISSISSIPPI, et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' motion for summary judgment. Docket No. 19. The Plaintiff opposes the motion. Docket No. 22. The Defendants have filed a rebuttal brief, Docket No. 24, and the matter is ready for review. The motion is GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 23, 2009, Plaintiff Diane Franks was operating her vehicle in Wayne County, Mississippi, when she was stopped by the Wayne County Metro Narcotics Unit for a traffic violation.[1] Franks alleges that, during the stop, she was strip searched "while standing on the side of a public road." Docket No. 2-1. Franks and the Defendants have very different accounts of what transpired during the traffic stop.

In a sworn affidavit, Franks asserts that the police pulled her over for not stopping at a yield sign. She contends that an officer asked to search her car and found nothing. The unit then called a female officer who was asked to search Franks. The female officer, according to Franks, told the other officers that she found nothing and they directed her to do a "cavity search." The female officer then directed Franks to "pull off [her] clothes beside the road," including her tights and panties, and "bend over." Docket No. 23. As a result of the experience, Franks claims

---

[1] The Defendants indicate that Franks was stopped by the South Mississippi Narcotics Task Force, which appears to be the proper name of the organization that Franks described as the "Wayne County Metro Narcotics Unit."

that she received treatment at Pine Belt Mental Health for three months.

      The Defendants provided affidavits from officers on the scene during the stop. According to their testimony, the narcotics officers were monitoring an area with a high concentration of drug trafficking.  They stopped Franks for running a stop sign.  The officers allege that, when they approached Franks's driver's side window, she "appeared extremely nervous."  Docket No. 19-1; 19-2.  They advised Franks that they detected a strong odor of marijuana coming from her car, and she consented to a search of her vehicle.  Cynthia Terrell, the female officer who arrived on the scene, states that she conducted a "pat-down search" of Franks.  Docket No. 19-3.  Terrell admits that she did search "underneath [Franks's] shirt and her brassiere" and around her waistband and in her pockets, but she states that she never asked her to remove any article of clothing and that Franks never removed any of her clothes.  *Id*.  After the search, Terrell handcuffed Franks's hands behind her back and placed Franks in her patrol car.  Terrell then went to talk to the agents on the scene; however, she happened to look back and saw that Franks had managed to get her hands from around behind her to her front.  Terrell went back to her patrol car, opened the door, and found Franks in the back seat with her pants down, holding a bag of what appeared to be marijuana.  The bag was broken and a substance that the officers believed to be marijuana was scattered on the backseat and floorboard of the patrol car.  Later, some of the substance was tested at a lab and determined to be marijuana.  Franks pleaded guilty to possession of marijuana in state court and was sentenced to ninety days in jail and six months of probation.

      On April 25, 2011, Franks filed suit in Wayne County Circuit Court against the "Wayne County Metro Narcotics Unit," Wayne County, "Wayne County Sheriff," the City of Waynesboro, and the Mississippi Bureau of Narcotics.  The defendants City of Waynesboro,

Wayne County and the Wayne County Sheriff (collectively, "Defendants") removed the case to federal court.[2] Franks contends that the alleged strip search violated her "Civil Rights" and seeks a judgment for $300,000.00. The Defendants have moved for summary judgment. For the reasons explained below, the Defendants' motion for summary judgment is granted.

## II. STANDARD OF REVIEW

### A. *Summary Judgment*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Facts are "material" when they might affect the outcome of the case, and a "genuine issue" exists when the evidence would allow a reasonable jury to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party is "entitled to judgment as a matter of law" when the non-moving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted), but conclusory assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

## III. DISCUSSION

---

[2] The Defendants also filed a motion to dismiss the suit against Wayne County Sheriff John Stein Farrior in his individual capacity and a motion to stay the case as to the Sheriff. Magistrate Judge Linda R. Anderson granted the motion to stay the case and the parties agreed to dismiss suit against defendant Sheriff Farrior in his individual capacity without prejudice. The Court ruled that the order would have "no effect on any claim against Sheriff Farrior in his official capacity." Docket No. 10. The stay of the case was lifted and the remaining Defendants filed a motion for summary judgment.

The Defendants have conceded that there is a genuine issue of material fact as to whether Franks was strip searched. Franks has entered an affidavit into the summary judgment record that supports her claim. In the affidavit, she swears: "[A female narcotics officer] made me pull off my clothes beside the road. She then made me pull off my tights and my panties and bend over." Docket No. 23. The three officers involved have each submitted sworn affidavits to the contrary. Docket Nos. 19-1, 19-2, 19-3. Ordinarily, "any credibility determination made between the officers' and [the plaintiff's] version of events is inappropriate for summary judgment." *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). *See also Adams v. May*, 903 F. Supp. 2d 433, 442 (S.D. Miss. 2012) (when there are conflicting statements among the witnesses, "the court is not at liberty to evaluate a witness's credibility on a motion for summary judgment."). In this case, however, the Defendants are entitled to summary judgment despite this disputed factual issue for the reasons stated below.

### A. *Favorable Termination:* **Heck v. Humphrey**

To the extent that Franks has raised a claim under 42 U.S.C. § 1983, her claim is barred under the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1984), because her conviction for possession of marijuana remains valid.

Under *Heck v. Humphrey*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights under Section 1983 if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Essentially, the individual must prove that the conviction has been terminated in his

favor in order to obtain relief under Section 1983. *Id*. The Supreme Court explained that the rationale behind this favorable termination requirement is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484. The Fifth Circuit has also recognized that the rule supports the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486).

Under *Heck*, the district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted). In this case, it is undisputed that Franks pleaded guilty to the charge of possession of marijuana. Franks has neither alleged nor presented evidence that the conviction has been reversed or otherwise terminated in her favor. Allowing Franks to move forward with her illegal search claim in this action would effectively contradict the validity of her underlying criminal conviction.[3] Thus, the Defendants are entitled to summary judgment on this claim pursuant to

---

[3] In *Heck*, the Supreme Court indicated that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1984). The Court reasoned that this kind of Section 1983 action "would not *necessarily* imply that the plaintiff's conviction was unlawful" because doctrines of evidence such as independent source and inevitable discovery would suggest that the evidence remained admissible despite the nature of the search. *See id*. (emphasis in original). However, the plaintiff must prove that the search was both unlawful and led to an "actual, compensable injury" to recover compensatory damages under Section 1983. *Id*. (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986)).

In her affidavit, Franks stated that she spent three months at Pine Belt Mental Health as a result of the alleged strip search. If proven, this incident suggests that she may have experienced an injury that warranted compensation. *See Franks v. Smith*, 717 F.2d 183, 186 (5th Cir. 1983) (finding that compensation may be appropriate where the plaintiff alleges that mental distress resulted from the deprivation of her constitutional rights). In this case, Franks has summarily denied that the favorable termination rule espoused in *Heck* would bar her claim. However, she has not attempted to invoke the exception above or argued that it should be applied to this particular

*Heck v. Humphrey*.

### B.  *Municipal Liability*

Franks's claim also fails because she has not demonstrated that any constitutional violation that she has alleged was caused by a policy, practice, or custom of the Defendants.

A municipality cannot be held liable under Section 1983 unless the alleged constitutional violation proximately resulted from a policy or custom of the municipality.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (denying petition for reh'g), *cert. denied*, 472 U.S. 1016 (1985).  The Fifth Circuit has summarized the test for municipal liability by stating that a plaintiff must establish: (1) a policy or custom of a municipality; (2) that the government policymaker actually or constructively knew of the existence of the policy or custom; (3) that a constitutional violation occurred; and (4) that the policy or custom served as the "moving force" behind the violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996) (citation omitted).

The plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc).  It is the plaintiff's burden to identify a municipal policy or custom which proximately resulted in the plaintiff's constitutional injury. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).  Additionally, a municipality "may be held liable only for acts for which it is actually responsible."  *Doe v. Dallas Ind. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480

---

case.  She has also not raised the argument that the marijuana would have been discovered or that it was indeed discovered through other means.  *See id.*  Thus, the Court declines to consider the argument because the plaintiff has not raised it and the Defendants have not had an opportunity to respond to it.  *See Lampton v. Diaz*, No. 3:09-cv-324-DPJ-MTP, 2010 WL 1873091, at *7 n.3 (S.D. Miss. May 7, 2010) (declining to address or consider arguments that the plaintiff failed to raise in its memoranda) (citation omitted).

(1986)).  Thus, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory for an act of its employees.

The remaining Defendants, Wayne County, Mississippi, and the City of Waynesboro, Mississippi, are both political subdivisions of the state and would qualify as municipalities. While the Defendants admit that there is a genuine factual dispute about whether a constitutional violation occurred, specifically whether Franks was strip searched in violation of her Fourth Amendment right to be free of unreasonable search and seizure, this Court is barred from pursuing that claim under *Heck*.  Even if Franks's claim were cognizable, she has failed to specify any county or city policy, practice or custom which endorsed the constitutional violation that she allegedly suffered.  As a result, she cannot establish that any policy was the "moving force" behind the constitutional violation that she alleges.  Thus, Franks's claims against the Defendants in their official capacity fails.

### III. CONCLUSION

For the reasons explained above, the Defendants' motion for summary judgment is GRANTED.

**SO ORDERED**, this the 23rd day of August, 2013.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE